# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>RAMONA ROBLES LUGO | CASE NO. 21-01353 (MCF)<br>Chapter 13 |

### UNITED STATES' MOTION FOR RECONSIDERATION
### OF ORDER (DE #25) DISALLOWING A PORTION OF USDA'S CLAIM 2
### AND IN OPPOSITION TO DEBTOR'S MOTION FOR *NUNC PRO TUNC*
### AMENDMENT TO ORDER GRANTING OBJECTION TO CLAIM (DE #28)

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, on behalf of the United States Department of the Agriculture Rural Development ("USDA"), through the undersigned attorneys, and respectfully states and prays as follows:

**I.    MOTION FOR RECONSIDERATION**

The USDA respectfully submits this *Motion for Reconsideration of Order Disallowing a Portion of USDA's Claim 2 and in Opposition to Debtor's Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim (De #28)* pursuant to the authority granted to the Court under 11 U.S.C. § 502 (j) to reconsider a disallowance of claim for cause. A detailed analysis of the facts in this case demonstrates that debtor's *Objection to Claim 2 Filed by Claimant USDA Rural Development* is barred by the res judicata effect of the allowance of the uncontested Proof of Claim filed by the USDA in debtor's prior bankruptcy proceedings in Case No. 15-09515 (MCF). The USDA's uncontested proof of claim in Case No. 15-09515 that was allowed pursuant to 11 U.S.C § 502(a) in that proceeding is a final judgment on the merits of the validity of that lien for purposes of res judicata.

The debtor cannot in this subsequent proceeding avoid the effect of that final judgment, even less after having received the benefits of the prior discharge and that prior bankruptcy proceeding being closed. Accordingly, debtor's objection to the USDA Claim 2-1 was not filed in good faith and the balance of the equities militates against the disallowance of any portion of the Claim 2-1.

## II. PROCEDURAL FACTS

  *A. Prior Chapter 13 filing – Case No. 15-09515 (MCF).*

  1. We refer to, and fully incorporate herein, the statement of facts in the *United States' Objection to the Confirmation of Debtor's Amended Chapter 13 Plan dated September 1, 2021 (DE #18)* (the "Objection to Confirmation"). DE # 30.

  2. As indicated in the Objection to Confirmation, the debtor filed a prior Voluntary Petition for Bankruptcy under Chapter 13 on November 30, 2015, under USBK-PR Case No. 15-09515 (MCF) and the USDA was the only secured creditor in those proceedings. See, 15-09515 DE #1, *Voluntary Petition*; 21-0135 DE # 1 *Voluntary Petition*, Part 2 ¶ 9; 15-09515 DE #41, *Chapter 13 Standing Trustee's Final Report and Account.*

  3. In that proceeding the USDA filed an unopposed Claim 2-1 in the amount of $92,678.46 for money loaned which was fully secured through a real estate mortgage encumbering debtor's principal residence ("Debtor's Residence"). 15-09515 DE #1, *Voluntary Petition*, Schedule C; 15-09515 USDA POC 2-1.

4. The USDA Claim 2-1 was filed with copies of the documents that encumbered the property and details of the amounts owed. See, Objection to Confirmation ¶ 4.

5. The debtor *did not object to USDA's Claim 2-1* in Case No. 15-09515, nor to the validity or extent of its security claim of $92,678.46 pursuant to the mortgage documents submitted in support of the claim and the USDA's Claim 2-1 was therefore allowed by this Court in the prior bankruptcy proceeding pursuant to 11 U.S.C. § 502(a).

6. To enjoy the benefits of a bankruptcy reorganization under Chapter 13, the debtor agreed in Case No. 15-09515 that *the USDA would retain its lien as identified in POC 2-1* and that debtor would pay the amounts claimed by the USDA in POC 2-1 as secured arrears to make her debt current. *See*¸ 15-05915 DE # 14, *Amended Chapter 13 Payment Plan dated February 11, 2016*.

7. On March 4, 2016, the Court confirmed debtor's *Amended Plan dated February 11, 2016,* on March 4, 2016, based on debtor's representations. *See* 15-05915 DE # 20, *Order Confirming Plan*.

8. On February 24, 2020, the debtor filed a *Motion to Inform Post Confirmation Plan Modification for Chapter 13 Plan dated February 24, 2020*, whereby she agreed to maintain the contractual payments on the USDA's secured claim and that the USDA "will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) and (II)," to wit, the payment of the

3

underlying debt determined under *nonbankruptcy law* or discharge under 11 USC 1328.

9. On March 20, 2020, the Court issued an *Order Granting Modification of Plan After Confirmation and Denying Motion for Dismissal* where it granted debtor's motion to modify the Plan dated February 24, 2020. *See¸* 15-05915 DE # 37.

10. The Court issued an *Order of Discharge* in favor to debtor on February 1, 2021, which did not discharge or modify USDA's secured Claim 2-1, and an order discharging the Trustee and closing the case on March 4, 2021. *See¸* 15-05915 DE # 42 and 44.

11. The Court's discharge and closing of the case has become final and unappealable.

B. *Subsequent Chapter 13 filing – Case No. 21-01353 (MCF).*

1. The debtor filed a *Voluntary Petition for Individuals Filing for Bankruptcy* under Chapter 13 in this case on April 30, 2021, approximately three months after receiving the discharge order in Case No. 15-09515. See, 21-01353 DE #1.

2. Once again, the *only secured creditor disclosed by debtor* in these pending bankruptcy proceedings was the USDA pursuant to the loan secured by a mortgage on Debtor's Residence and allowed as Claim 2-1 in Case No. 15-09515. *See* 21-01353 DE #1, *Voluntary Petition*, Schedule D.

3. In the pending proceedings, the debtor did not disclose any material changes in her income or expenses between the date of filing of the 15-09515

4

proceedings (11/30/2015) and the 21-01353 proceedings (4/30/2021) that would identify an increased need for debt relief. Compare 15-09515 DE #1, *Voluntary Petition*, Schedules I (monthly income: $1,285.00) and J (monthly expenses: $833.00); 21-0135 DE # 1 *Voluntary Petition*, Schedules I (monthly income: $1,276.00) and J (monthly expenses: $876.00).

  4. The debtor filed a *Chapter 13 Plan dated April 30, 2021*, where she proposed the modification of the USDA's secured claim pursuant to 11 USC § 1322 (c)(2) and sought the cancellation of USDA's lien "upon payment in full of USDA's claim." 15-09515 DE #2, ¶¶ 3.7 and 8.1(1).

  5. On August 5, 2021, the USDA filed Claim 2-1 in this case, identifying a fully secured debt in the total amount of $76,849.64 secured by the same mortgage on Debtor's Residence that was recognized as valid and enforceable in Case No. 15-09515.

  6. The $76,849.64 claimed was a debt owed from the following sources:

    a) $23,627.86 of installment payments on the loan which were in arrears, and

    b) $53,221.78 secured by the mortgage for subsidy payments and Principal Reduction Attributable to Subsidy ("PRAS") advanced by the USDA to debtor and which amounts are subject to repayment pursuant to the Subsidy Repayment Agreement between debtor and USDA.

See 15-09515 USDA POC 2-1; **Exhibit 1** – USDA Letters dated 12/3/2021 notifying amounts of Subsidy and PRAS paid on behalf of debtor during life of the loan.

7. In support of this Claim 2-1, the debtor submitted the same information that was provided in support of the uncontested Claim 2-1 that was filed in Case No. 15–09515. *See* Objection to Confirmation ¶ 7.

8. On November 3, 2021, the debtor filed an *Objection to Claim 2 Filed by Claimant USDA Rural Development*, where she **admitted that the USDA** is the only creditor and that it **holds a mortgage recorded** at the Puerto Rico Registry of Property over Debtor's Residence. *See* 15-09515 DE #19, ¶2; **Exhibit 2** – Copy of the Title Registry at the Puerto Rico Registry of Property for Property 14,893 provided by debtor's counsel to the attorneys for USDA on November 3, 2021 (identifies registration of $61,515.00 pursuant to Deed #37 and $3,765.00 pursuant to Deed #38 to indemnify the USDA against any loss sustained under its guarantee of payment of the mortgage notes issued by the debtor); **Exhibit 3** – Deed of Mortgage 37 of December 20, 1988 (pages 11-12 establishing amount of $61,515.00 to indemnify the USDA against any loss sustained under its guarantee of payment of the mortgage notes issued by the debtor); **Exhibit 4** – Deed of Mortgage 37 of December 20, 1988 (pages 11-12 establishing amount $3,765.00 to indemnify the USDA against any loss sustained under its guarantee of payment of the mortgage notes issued by the debtor); **Exhibit 5** – Title Study for the Debtor's Residence issued on November 15, 2021 by Centurion Title Search; **Exhibit 6** – History of loan payments and accrued debt.

9. Pursuant to the registered mortgages, the USDA has secured amounts as follows:

|  | Registered secured amounts at Registry | | |
|---|---|---|---|
|  | First Mortgage | Second Mortgage | Total |
| Principal | $ 41,010.00 | $ 2,510.00 | $ 43,520.00 |
| plus interest on unpaid balance | 9% | 9.50% |  |
| for indemnifying mortgagee against any loss it might sustain under its insurance of payment of the note | $ 61,515.00 | $ 3,765.00 | $ 65,280.00 |

10. Pursuant to Claim 2-1, the USDA has filed a claim to recover secured debts in the following amounts, which amounts are fully secured by the mortgages as detailed above:

|  | Total |
|---|---|
| Principal and interest in arrears | $ 23,627.86 |
| for indemnifying mortgagee against any loss it might sustain under its insurance of payment of the note | $ 53,221.78 |
| Total: | $76,849.64 |

11. Despite acknowledging that USDA's Claim 2-1 does contain *some* of the information required by FRBP 3001(c)(2) and Official Form 40, debtor sought to challenge the validity and extent of the USDA's security interest under documents that she admitted in Case No. 15-09515 in order to procure the benefits of a reorganization under Chapter 13, and requested that the amount of the "subsidy recapture" claimed in Claim 2-1 be disallowed, merely because the USDA failed to

7

include a "Loan Payment History for the First Date of Default" or a title search certifying registration of the mortgage.

12. Debtor submitted objections to USDA's Claim 2-1 in this case on these grounds even though she admitted that the mortgages were in fact duly registered, and she did not object to Claim 2-1 filed in Case No. 15-09515.

13. After requesting an extension of time to oppose the *Objection to Claim 2 Filed by Claimant USDA Rural Development*, the USDA failed due to error and inadvertence of the undersigned attorney to file a timely opposition by the date approved by the Court of December 29, 2021.

14. Accordingly, on January 27, 2022, the Court granted the *Objection to Claim 2 Filed by Claimant USDA Rural Development* as unopposed. 15-09515 DE #25.

15. On February 7, 2022, debtor filed a *Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim* where she sought an order form the Court "to provide that Claim 2 is disallowed in the amount of $53,221.78 and allowed as a secured claim in the amount of $23,627.86. DE #28.

16. The term to oppose the *Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim* expires on February 21, 2022.

### III. DISCUSSION

A litigant's claim is barred by the res judicata effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their

8

privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Trustees of Operating Engineers Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) and citing *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002)). It has also long been established that "[n]ormal rules of res judicata ... apply to the decisions of the bankruptcy courts." *Id.* (citing *In re Enyart*, 509 F.2d 1058, 1061 (6th Cir. 1975)).

*(1) A final decision on the merits by a court of competent jurisdiction.* The First Circuit has assumed that an uncontested proof of claim that is allowed pursuant to 11 U.S.C. § is a final judgment on the merits for the purposes of res judicata. *See Giles World Mktg., Inc. v. Boekamp Mfg., Inc.*, 787 F.2d 746, 747–48 (1st Cir. 1986). No Circuit has held otherwise.

In debtor's Chapter 13 proceedings under Case No. 15-09515, the USDA filed Claim 2-1 for liability under the same mortgages notified as the lien creating the security in Claim 2-1 filed by the USDA in this case. No objections were raised by the debtor and the Court issued an order confirming a plan where the claim was deemed allowed. The bankruptcy trustee paid according to the approved plan and the case was closed. Accordingly, a final decision on the merits has been issued by a court of competent jurisdiction as to the validity and effect of the USDA's Claim under 2-1. The values underlying the doctrine of issue preclusion or res judicata—judicial economy and prevention of inconsistent decisions—are particularly served by

9

applying the adjudication of Claim 2-1 in 15-19515 to these pending Chapter 13 bankruptcy proceedings, where it is desirable that matters be resolved as expeditiously and economically as possible and *consistent* with prior adjudications of this Court.

*(2) A subsequent action between the same parties and their privies.* There is no doubt as to the privity between the parties addressing the validity of Claim 2-1 in Case No. 15-09515 and in this case, they are the same parties: the debtor and the USDA.

(3) *An issue in the subsequent action which was litigated, or which should have been litigated in the prior action.* The validity and amount of USDA's claim is the matter adjudicated in the prior bankruptcy proceedings. These issues could have been litigated in the prior proceedings, but debtor accepted the same and proceeded with her bankruptcy relief proceedings without contesting them. This Court confirmed the plan where the USDA's claim was deemed allowed, the Trustee made all payments under the plan, the debtor received the benefits of the Chapter 13 discharge, and the case was closed. The Court's determinations in that case regarding the amount and validity of the USDA's Claim 2-1 because final.

Furthermore, any apparent difference between the amount claimed by the USDA in Case No. 1509515: $92,678.46, and the amount currently claimed: $76,849.64, simply reflects the impact of the payments made by the Trustee to the USDA under the prior Chapter 13 Plan to satisfy then existing amounts in arrears: $21,502.77 (see, *Chapter 13 Standing Trustee's Final Report and Account*, p. 3) to the

10

amounts owed. The difference between amount does not exactly reflect the amount of the payment under the prior Chapter 13 because debtor's obligations that continue outstanding accrue interest. The difference in amounts claimed, therefore, really do not create a substantive difference between the two claims, which seek recognition and enforcement of the same lien and obligations.

*(4) An identity of the causes of action.* An identity of the causes of action exists "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Trustees of Operating Engineers,* 919 F.3d at 383. In this case, USDA's proof of claim arose out the same loan and mortgage obligations in both cases. There is, simply put, a complete factual overlap between the claims that debtor cannot deny.

For all these reasons, the res judicata effect of the allowance of USDA's Claim 2-1 in Case No. 15-09515 bars the litigation, or objection, to such proof of claim raised by debtor in the pending proceedings.

Furthermore, debtor's allegation of technical violations of FRBP 3001(c)(2) and Official Form 40 in the filing of USDA's Claim 2-1 in this case as a basis for disallowing the claim was not made in good faith and does not, in a fair balance of the equities, warrant the disallowance sought by debtor in the *Objection to Claim 2 Filed by Claimant USDA Rural Development* (DE #19) or the subsequent *Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim* (DE #28). Debtor had full knowledge of the USDA claim and lien terms when she filed the present proceeding. Debtor even provided to counsel for USDA copy of the pages of the Registry of

11

Puerto Rico where the registration of the mortgages appears. We further enclosed herewith all the information required by the rules and official form. No prejudice has been accrued to debtor for failure to receive these documents before this date.

**WHEREFORE**, the USDA prays the Court reconsider is order for good cause, allow USDA's Claim 2-1 in its totality, and grant the USDA such other relief as the Court deems just and appropriate.

> **NOTICE: Within fourteen (14) days from service of this motion, any party objecting to the relief sought herein, shall serve and file an objection or other appropriate response to this motion with the Clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: 1) the requested relief is forbidden by law 2) the requested relief is against public policy or 3) the Court determines the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties, and mailed a copy of the instant objection, by USPS certified mail, to the Trustee, debtor, and debtor's attorney as provided by Rule 7004 of the Federal Rules of Bankruptcy Procedure.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on February 10, 2022.

          W. STEPHEN MULDROW
          United States Attorney

          *s/Dennise N. Longo Quiñones*
          DENNISE N. LONGO QUIÑONES
          Assistant U.S. Attorney
          USDC-PR 211408
          Torre Chardón, Suite 1201
          350 Carlos Chardón St.
          San Juan, Puerto Rico 00918
          Tel. (787) 282-1928
          Fax. (787) 771-4043
          E-mail dennise.longo.quinones@usdoj.gov