*RECEIVED AND FILED
EMERGENCY FILINGS EMAIL
02/24/2022 - 10:26 PM
USBC*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | CASE NO. 21-01353 (MFC) |
| RAMONA ROBLES LUGO | CHAPTER 13 |

**OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER
DISALLOWING CLAIM 2 BY CLAIMANT USDA RURAL DEVELOPMENT**

**TO THE HONORABLE COURT:**

Comes now the debtor through the undersigned attorney, who respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

1. This Opposition is limited to arguing that the Motion for Reconsideration filed by the USDA must be denied as it fails to comply with the applicable legal standard for reconsideration of claims under code section 502(j). The Debtor expressly reserves the rights to raise additional claims and defenses regarding this controversy including and not limited to renewing the objection to claim under previous or new legal grounds, should the Court in its discretion set aside the Order disallowing the claim.

**PROCEDURAL BACKGORUND**

2. The petition in the instant case was filed on April 30, 2021.

3. The only creditor listed in Debtor's schedules is USDA Rural Development ("USDA"). This creditor was identified as a secured creditor holding a mortgage recorded over Debtor's residence in the amount of $14,403.47.

4. The amount listed on the schedules was obtained from statement of account issued by USDA.

5. Debtor's Chapter 13 plan dated April 30, 2021 listed USDA's claim under section 3.7 of the Plan classifying the same as a secured claim subject to modification under section 1322(c) of the Bankruptcy Code (Docket 2). Accordingly, the plan provides for the payment in full of the secured claim plus interest at 4.25%.

6. On August 5, 2021, creditor USDA filed POC 2. According to the Claim, the "total principal, interest and fees due" on the mortgage is $23,627.86. However, the creditor also included in the Claim an item identified as "Subsidy Subject to Recapture" for the amount of $53,221.78, thereby incrementing the total amount of the claim to $76,849.64.

7. On November 3, 2021, the Debtor filed an Amended Plan to increase the monthly amount of the payments in order to cover the "total principal, interest and fees due" on the mortgage in the amount of $23,627.86 plus interest at 4.25% (Docket 18).

8. On that same date, the Debtor filed an "Objection to Claim 2 by Claimant USDA" arguing, among other things, that "creditor USDA has openly disregarded the requirements of Rule 3001(c)(2) [as] [t]he POC does not contain the "Loan Payment History From First Date of Default". It was added that: "[c]ompliance with the former is of particular importance in the instant case since USDA is including a "subsidy recapture" fee in the amount of $53,221.78 which grossly exceeds the principal and interest of the loan." Based on the former, the Debtor requested the disallowance of the "subsidy recapture" fees included in the claim in the amount of $53,221.78.

9. In addition, the Debtor also indicated that the creditor had failed to include a title search to show that the "subsidy recapture fees were duly recorded in the Property Registry as amounts secured by Debtor's property in compliance with Puerto Rico's Mortgage Act." As such, it requested the court to find that the subsidy recapture fees were not a secured claim.

2

10. Debtor's Objection to Claim 2 was duly served to the following parties in compliance with F.R.B.P 3007(a)(2):

Mr. Troy Moore
USDA Rural Development
PO Box 66879
St. Louis, MO 63166

US Attorney's Office, District of Puerto Rico
Att: Civil process clerk
Torre Chardon suite 1201
350 Carlos Chardon Street
San Juan PR 00918

Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

JUAN C. FORTUÑO FAS
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 3908
GUAYNABO, PR 00970

11. On November 17, 2021, USDA filed a "Motion Requesting Additional Time to Reply to Debtor's Motion" indicating that: "[t]he USDA is already working to obtain information relevant to its reply. In order to responsibly prepare to file a reply to debtor's motion, we request this court grant forty-four (44) days, until Friday December 31st, 2021." (Docket 21).

12. On November 23, 2021, the Court entered the following Order "USDA Rural Development is granted until December 29, 2021, to reply to the Debtor's objection to claim number 2." (Docket 22)

13. On December 3, 2021, a Notice of Appearance was filed on behalf of the USDA informing additional counsel to represent the creditor in this case (Docket 32).

3

14. On January 27, 2021, the Court entered an Order granting Debtor's Objection to Claim 2 after "having been duly notified to all parties in interest, and no replies or objections having been filed timely" (Docket 25).

15. On January 27, 2022, the Debtor filed a "Response to Trustee's Unfavorable Report" providing the reasons for which the instant case was ready for confirmation of the Chapter 13 plan. (Docket 26)

16. On February 7, 2022, the Debtor filed a "Motion for Nunc Pro Tunc Amendment to Order granting Objection to Claim" stating that: "in order to facilitate the administration of the plan and as requested by the Chapter 13 Trustee, the Debtor requests this Honorable Court to amend *nunc pro tunc* the Order granting the Objection to Claim entered at Docket entry no. 25 to provide that Claim no. 2 is disallowed in the amount of $53,221.78 and allowed as a secured claim in the amount of $23,627.86. The Chapter 13 Plan provides for the payment in full with interest of the amount of the claim as allowed." (Docket 28).

17. On February 10, 2022, that is, 99 days after Debtor filed the Objection to Claim, USDA filed a "Motion for Reconsideration of Order (DE#25) Disallowing a Portion of USDA's Claim 2 and in Opposition to Debtor's Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim". (Docket 32). The only reason stated in USDA's motion for not filing a timely response to Debtor's Objection to Claim is that: "the USDA failed due to error and inadvertence of the undersigned attorney to file a timely opposition by the date approved by the Court of December 29, 2021." Id. at page 12, ¶ 13.

## DISCUSSION

18. Section 502(j) of the Bankruptcy Code provide a basis for reconsideration of orders allowing or disallowing claims. "Reconsideration of a claim under [Section] 502(j) is a two-step

4

process: [it requires] (1) a showing of cause for reconsideration; and (2) a determination of the claim according to the equities of the case." In re Gonzalez, 490 B.R. 642, 651 (1st Cir. BAP 2013) (citations omitted).

19. Because "cause" as required by Section 502(j) is not defined, "the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim." Id. (citation omitted). Courts in the First Circuit have, in considering Section 502(j) motions, borrowed the standards applicable to motions under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). See, e.g., id. at 651-52; In re Funez, No. 12-01737 BKT, 2013 WL 2948920, at *1 (Bankr. D.P.R. June 14, 2013).7 "A party moving for reconsideration of an order disallowing its claim bears the burden of showing 'cause,' without which there can be no basis for the allowance of a previously disallowed claim according to the equities of the case." Scotiabank de P.R. v. Lorenzo (In re Lorenzo), No. BAP PR 15-011, 2015 WL 4537792, at *5 (1st Cir. BAP July 24, 2015) (citation omitted), aff'd, 637 F. App'x 623 (1st Cir. 2016).

20. In the instant case, USDA has made no showing that any of the circumstances enumerated in Rule 60(b) are present. In fact, USDA's does not even address the applicable standard to their request for reconsideration in their pleading. As such, it is not for the Debtor nor for this Court to evaluate if the facts alleged by USDA may be construed under the requirements of Rule 60(b).

21. Furthermore, the only reason alleged by the USDA for not filing a timely response to Debtor's objection is that: "the USDA failed due to error and inadvertence of the undersigned attorney to file a timely opposition by the date approved by the Court of December 29, 2021." Docket 32, page 12 ¶ 13. Even if we were to consider the former as sufficient basis to establish "cause" under the first prong of the standard, we cannot overlook the fact that in the instant case

5

**the USDA has been represented not by one (1) but by two (2) attorneys of record**. Therefore, error or inadvertence is not a sufficient ground for cause when there have been two (2) attorneys that have appeared on behalf of the USDA and have received notice of the motions and orders entered in the instant case.

22. Courts have held that when a movant fails to establish "cause" under the first prong of the 502(j) standard, there is no need for the Court to consider the "equities of the case under the second prong of the test. See Municipality Carolina v. Gonzalez (In re Gonzalez), 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013) ("there can be no basis for reconsideration of an order disallowing a claim according to the equities of the case **without cause**."); See also In re Fin. Oversight & Mgmt. Bd. for P.R., 427 F.Supp.3d 260, 266 (D.P.R. 2019) ("Movants have not demonstrated cause for reconsideration pursuant to Section 502(j)… The Court therefore need not address the second prong of the Section 502(j) test.")

23. Here, the USDA had more time than any other creditor to file a Proof of Claim in compliance with the Federal Rules of Bankruptcy Procedure. Notwithstanding, the Claim filed by the USDA failed to include the most basic attachments required in this jurisdiction. Not only did the creditor failed to attach the form required by Rule 3001(c)(2) but it also fail to included a title search which is an essential requirement when a claim is secured by a mortgage.

24. FRBP 3001(c)(2)(D) provides that "(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions: (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

25. The USDA has not demonstrated that their failure to provide the required documents with the claim was substantially justified or is harmless. Furthermore, the creditor has not addressed this issue in its motion for reconsideration. As such, the creditor is precluded from presenting any documents that were not included with their original claim.The Debtor rightfully objected to the Claim citing the applicable grounds for the objection. The USDA, despite having two (2) attorneys representing the creditor, again failed to comply with the rules of this Court, prompting the disallowance of a portion of their claim. Allowing the USDA to file, 300 days after the case was commenced, documents in support of a claim would cause unfair prejudice the Debtor, provoke extensive delay in the confirmation of this case and unnecessarily consume the parties' and the Court's resources.

26. Debtor Ramona Robles Lugo is currently 66 years old and her monthly income monthly consists of social security benefits in the amount of $648.00 and $600.00 she receives for assisting care of an elder member of her family. With great effort and sacrifice, Mrs. Robles has proposed a Chapter 13 bankruptcy plan for the payment in full of the principal, interest, and all other charges owed on her loan totaling $23,627.86.

27. Debtor's the Chapter 13 Plan provides for the payment in full of the "total principal, interest and fees due" on the mortgage in the amount of $23,627.86 plus interest at 4.25%. Adding the amount that the Debtor has paid on her mortgage for the past 30 years and the amount proposed to be paid through the plan, the creditor would collect approximately $67,336.89 which is substantial repayment considering that the amount of the loans at issue where for a total of $43,520.00. Debtor's has been proposed in good faith and complies with the Code requirements to be confirmed.

28. In sum, USDA had ample opportunity to file a Claim in compliance with Rules of Bankruptcy Procedure and it failed to do so. The Debtor Objected to the Claim and gave notice to the creditor that it had an opportunity to respond and request a hearing before this Court. The USDA requested this Court additional time to respond and was granted such request. However, the creditor again failed to comply. The creditor now requests a reconsideration under code section 502(j) without citing the applicable standard for its request and without making any showing of cause. All of this despite having two (2) attorneys of record representing this creditor. Accordingly, it is proper for the Court to enter an Order denying USDA's motion for reconsideration.

**WHEREFORE** it is respectfully requested from this Honorable Court to deny the USDA's Motion for Reconsideration of Order Disallowing Claim.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all appearing parties in the above captioned bankruptcy proceeding.

In San Juan, Puerto Rico, this 24th day of February of 2022.

**MAYORAL & MANGUAL, P.S.C.**
PMB 157
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 754-2002
Fax (787) 296-9892

*s/ Eduardo J. Mayoral García*
**EDUARDO J. MAYORAL GARCÍA**
**USDC PR 224607**
emayoral@gmail.com