# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>RAMONA ROBLES LUGO | CASE NO. 21-01353 (MCF)<br>Chapter 13 |

## UNITED STATES' REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 2 BY USDA

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, on behalf of the United States Department of the Agriculture Rural Development ("USDA"), through the undersigned attorneys, and respectfully states and prays as follows:

1. On February 24, 2022, the debtor filed an *Opposition to Motion for Reconsideration of Order Disallowing Claim 2 by USDA Rural Development* (the "Opposition"). DE #38.

2. In the Opposition, debtor alleges that the USDA failed to allege adequate cause to justify the reconsideration of the Court's order disallowing Claim 2-1 timely filed by the USDA on August 5, 2021.

3. Debtor misrepresents the allegations in *United States' Motion for Reconsideration of Order (DE #25) Disallowing A Portion of USDA's Claim 2 and in Opposition to Debtor's Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim (DE #28)* (the "Motion for Reconsideration"). DE #32.

4. In the Motion for Reconsideration, the USDA established, through the certified statement of counsel, that its failure to file an opposition to debtor's

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

Objection to USDA's Claim 2-1 was due to error and inadvertence of the undersigned attorney to meet the Court ordered deadline of December 29, 2021.

5. The USDA further established that such excusable neglect did not prejudice the debtor, unreasonably delayed the proceedings, or resulted from movant's lack of diligence or bad faith. *See* DE #32 ¶¶ 8, 11, and 13.

6. Furthermore, as fully discussed in the Motion for Reconsideration, the balance of the equities militates against the disallowance of USDA's Claim 2-1. *Id.*, pp. 8-12.

7. In sum, as fully explained below, the allegations in the Motion for Reconsideration are more than adequate and sufficient to meet the legal standard for the Court to exercise its ample discretion to reconsider the order disallowing Claim 2-1 in furtherance of law and equity.

I. **RECONSIDERATION PURSUANT TO 11 U.S.C. § 502(j)**

The Court has the authority to reconsider the allowance or disallowance of claims for cause pursuant to 11 U.S.C. § 502(j). Section 502(j) provides, in pertinent part, that "[a] reconsidered claim may be allowed or disallowed *according to the equities of the case.*" Emphasis added. "As the advisory committee for Rule 3008 noted, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually absolute." *In re Egbune*, BAP No. CO–16–006, 2016 WL 6996129, at *6 (10th Cir. BAP 2019). "Courts in the First Circuit have, in considering Section 502(j) motions, borrowed the standards applicable to motions under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)")." *In re Financial Oversight and*

2

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

*Management Board for Puerto Rico*, 427 F.Supp.3d 260, 265 (D.P.R. 2019) (citing *In re Gonzalez*, 490 B.R. 642, 651-52 (1st Cir. BAP 2013); *In re Funez*, No. 12-01737 BKT, 2013 WL 2948920, at *1 (Bankr. D.P.R. June 14, 2013)).

Rule 60(b) permits a court to grant reconsideration of a final judgment, order, or proceeding for any of the following reasons:

> (1) *mistake*, inadvertence, surprise, or *excusable neglect*;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Emphasis added.

Adjudication of the request for reconsideration under Section 502(j) is a two-step process: (a) finding of a showing of cause for reconsideration, and (b) a determination of the claim for relief according to the equities of the case. *In re Financial Oversight and Management Board for Puerto Rico*, 998 F.3d 35 (1st Cir. 2021) (citing *In re Gonzalez*, supra). The movant bears the burden of showing cause, "without which there can be no basis for the allowance of a previously disallowed claim according to the equities of the case." *Id.* (citing *In re Lorenzo*, No. BAP PR 15-011, 2015 WL 4537792, at *5 (1st Cir. BAP July 24, 2015)).

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

Because neither the Bankruptcy Code nor the Bankruptcy Rules define "cause" as used in § 502(j), "the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim." *In re Herrera*, 2017 WL 1533384, at *5 (Bankr. D.P.R. April 27, 2017). In this process, courts regularly consider cause to be available when relief would be justified under Rule 60(b).

"To prevail on a Rule 60(b) motion, the movant must demonstrate that: (1) the motion is timely; (2) there are exceptional circumstances justifying relief; and (3) vacating the judgment will not cause unfair prejudice to the opposing party." *In re Gonzalez*, 490 B.R. at 652 (citing *Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir.2003); *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 20 (1st Cir.1992)); *In re Rodriguez Gonzalez*, 396 B.R. 790, 802 (1st Cir. BAP 2008)). The movant must also show that granting the motion will not be an "empty exercise" based on a finding that the underlying claim for relief is likely to succeed on the merits. *Id.*

Accordingly, this Court may relieve a party from an order disallowing a claim on motion and upon such terms as are just upon a finding of *mistake*, inadvertence, surprise, or *excusable neglect* that does not prejudice the other party and under circumstances that justify reconsideration based on the equities of the case. "The determination of whether or not neglect is excusable 'is at bottom an equitable one,' dependent on the 'circumstances surrounding the party's omission.'" *In re Lamberth*, 227 B.R. 1, 8 (1st Cir. BAP 1998). In making the adjudication of excusable neglect,

4

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

the Court is called to make a case specific adjudication applying the following five-point formulation articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 387-397 (1993): "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Lamberth*, 227 B.R. at 8.

### II. INADVERTENT NONCOMPLIANCE WITH A FILING DEADLINE COMBINED WITH DILIGENT PROSECUTION OF THE PARTY'S CLAIM AND A VALID CLAIM FOR EQUITABLE RELIEF SUPPORTS A FINDING OF CAUSE FOR RECONSIDERATION

8. As the debtor readily admits in her Opposition, the Motion for Reconsideration identified error and inadvertence by undersigned counsel as the reason for noncompliance by the USDA with the December 29, 2021 deadline for filing of the USDA's opposition to debtor's objection to USDA Claim 2-1. DE #38 at ¶ 21. No allegation of bad faith or lack of diligence by movant in protecting its rights and interests has been presented to the Court.

9. It is undisputed, therefore, that the USDA adequately invoked one of the specific standards for relief set forth in Rule 60(b) or § 502(j) (error, inadvertence, and excusable neglect) in its request for reconsideration. *In re Lorenzo*, supra, 2015 WL 4537792, at *5 ("Cause may exist when relief would be justified under Rule 60(b).").

10. The Motion for Reconsideration also established that the USDA has diligently pursued its claim despite the inadvertent, and short lived, noncompliance

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

with the deadline to oppose debtor's objection and timely sought reconsideration. The movant has not slept on its rights. *See In re Egbune*, supra, 2016 WL 6996129, at *6-7 (movant's failure to timely object main factor in finding lack of cause for reconsideration).

 a) The USDA timely filed proofs of claim in both these pending proceedings and in the previous bankruptcy filing under USBK-PR Case No. 15-09515 (MCF). DE #32 at ¶¶ A(3) and B(5).

 b) The USDA diligently pursued an opportunity to oppose debtor's objection to Claim 2-1 by timely requesting an extension of time to oppose. DE #21; DE #32 at ¶ 13.

 c) The USDA also diligently sought reconsideration of the order disallowing Claim 2-1 due to the inadvertent failure to file by filing its Motion for Reconsideration **within 14 days** from entry of the order. DE #32.

11. The February 10, 2022, filing of the Motion for Reconsideration has furthermore not unduly delayed the proceedings.

 a) Debtor's objection to USDA's timely-filed-Claim 2-1 was submitted for adjudication as recently November 3, 2021, and **90 days** after the USDA filed Claim 2-1. DE #19; DE #38 ¶ 7.

 b) Debtor filed her *amended Chapter 13 Plan Dated 9/1/2021* on November 3, 2021. DE #18.

 c) The hearing on confirmation of debtor's *amended Chapter 13 Plan Dated 9/1/2021* is currently scheduled for May 12, 2022. DE #29.

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

    d)      The USDA timely objected to the *amended Chapter 13 Plan Dated 9/1/2021* on February 9, 2022. DE #30.

    e)      Debtor filed a *Motion for Nunc Pro Tunc Amendment to Order Granting Objection to Claim* (DE #38) on February 7, 2022, and the USDA timely opposed this motion on February 10, 2022, alongside its filing of the Motion for Reconsideration. DE #32.

    f)      The litigation between the parties has not been delayed by the filing of the Motion for Reconsideration.

12.      The Motion for Reconsideration also fully established that the debtor was not prejudiced by the USDA's inadvertent noncompliance with the December 29, 2021, deadline to oppose the objection to Claim 2-1.

    a)      Considering the substance and admissions in debtor's prior bankruptcy filing in USBK-PR Case No. 15-09515 (MCF), the USDA's filings in that prior bankruptcy, and the USDA's filings in these pending proceedings, the debtor has been timely and well informed of the substance and extent of USDA's claim and allegations, the sole secured creditor in both proceedings.

    b)      The inadvertent failure to timely oppose the objection occurred despite counsel's otherwise substantial good faith efforts toward compliance.

13.      Given the history of the dispute between the parties, and the sequence of substantive filings in this and the prior case, the USDA's failure to timely file its

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

opposition amounted to, at worst, an understandable, inadvertent, excusable neglect.

14. Furthermore, such excusable neglect, considered in contraposition to the *res judicata* effect of the Court's prior adjudication of the validity of USDA's lien in USBK-PR Case No. 15-09515 (MCF), and the fact that debtor has always been in knowledge and possession of the recorded nature of the USDA's lien (*see* DE #32 ¶ 8 and Exhibit 2 (on November 2, 2021 debtor provided to the USDA a copy of the entry recording the USDA's lien at the Puerto Rico Registry of Property that includes recordation of a $65,280.00 interest to indemnify the USDA against any loss under its insurance of payment) is sufficient cause to allow reconsideration pursuant to a just adjudication of the equities of the case. Compare to *In re Gonzalez*, 490 B.R. at 652 (reconsideration denied because movant could not prove substantive likelihood of success on the adjudication of the equities of the case).

15. The debtor in this case is bound by the *res judicata* effect of confirmation of her prior Chapter 13 Plan before this same Court in USBK-PR Case No. 15-09515 (MCF) since the "secured status of a creditor is an issue intrinsic to confirmation of a Chapter 13 plan." *In re Egbune*, supra, 2016 WL 6996129, at *4. Thus, any action taken post-confirmation of the Chapter 13 plan in Case No. 15-09515 (MCF) to avoid or otherwise alter the adjudicated secured status provided by that confirmed plan is *barred* by the *res judicata* effect of 11 U.S.C. § 1327(a). *Id.*; *In re McCarter*, No. G08–23720–REB, 2014 WL 2086691, at *2 (Bankr. N.D.Ga. Magr. 6, 2014) ("[U]pon confirmation, the value of a secured claim

8

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

is fixed. The plan as confirmed is accorded the effect of *res judicata*, barring litigation over any matters that were or could have been asserted before confirmation.").

16. Questions relative to jurisdiction can never be waived. This Court is without power to revisit the secured status of the USDA's lien which was fully adjudicated before this Judge in the prior case. As the Court knows, a matter that has been adjudicated by a competent court may not be pursued further by the same parties.

17. Moreover, as more fully explained in the Motion for Reconsideration, debtor's bad faith filing is nothing other than an impermissible strategy of "gotcha litigation." The debtor continues to file and pursue repetitious challenges regarding the same matter hoping that the USDA and the Court will blink, allowing her to obtain a result she is not entitled to. She is thereby inducing the Court to error. Such an outcome is unlawful and inequitable.

**WHEREFORE**, the USDA prays the Court reconsider is order for good cause, allow USDA's Claim 2-1 in its totality, and grant the USDA such other relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerkof the Court using the CM/ECF System, which will send notification of such filing to all parties.

9

USDA Reply to Opposition to Motion for Reconsideration
CASE NO. 21-01353 (MCF)

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on March 12, 2022.

                                         W. STEPHEN MULDROW
                                         United States Attorney

                                         *s/Dennise N. Longo Quiñones*
                                         DENNISE N. LONGO QUIÑONES
                                         Assistant U.S. Attorney
                                         USDC-PR 211408
                                         Torre Chardón, Suite 1201
                                         350 Carlos Chardón St.
                                         San Juan, Puerto Rico 00918
                                         Tel. (787) 282-1928
                                         Fax. (787) 771-4043
                                         E-mail dennise.longo.quinones@usdoj.gov