IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:  CASE NO. 21-01353 (MCF)

RAMONA ROBLES LUGO  CHAPTER 13

Debtor

**OPINION AND ORDER**

This case presents an issue of first impression involving a subsidy recapture. The Debtor filed for bankruptcy under chapter 13 and proposed to pay mortgage creditor United States Department of Agriculture Rural Development ("USDA") in full through the plan. Pursuant to the plan, the creditor would be required to provide the mortgage notes for cancellation upon full payment of the mortgage debt owed to it. Docket Nos. 1 and 2.

The USDA filed claim number 2-1 in the amount of $76,8849.64, comprised of $23,627.86 for principal and interest, plus a subsidy recapture of $53,221,78 which is not due and payable at this time. The USDA subsequently objected to the Debtor's plan because although the subsidy recapture is not due and payable now, it may be collected upon sale, foreclosure, transfer of title, or abandonment of the property. Docket No. 14. Unless it is paid in full, the USDA will not provide the mortgage notes for cancellation. Id.

The Debtor then filed an objection to USDA's claim number 2-1 asserting that the USDA should provide the information as to how the subsidy recapture was calculated, provide the amounts and dates of each subsidy recapture fee since the origination of the loan and any other information required by Official Form 410A and Fed. R. Bankr. P. 3001(c)(2). Docket No. 19 at 3. The Debtor requested the disallowance of the subsidy recapture fee included in the claim in the amount of $53,221.78. Id. at 4. In addition, the Debtor questioned the USDA's secured status because this creditor failed to include a title search to show that the mortgage deed was filed and recorded in the property registry and requested that the claim be allowed as a general unsecured claim. Id.

The court approved the disallowance of the subsidy recapture of $53,221.78 as pre-petition arrears and allowed the claim as a wholly unsecured claim because the USDA did not respond timely to the objection to claim. Docket No. 25. Ten days later, the Debtor filed a motion requesting a nunc pro tunc amendment to the order granting the objection to claim, in which she asked the court to provide that claim 2-1, is disallowed in the amount of $53,221.78 and allowed as a secured claim rather than unsecured in the amount of $23,627.86. Docket No. 28. Three days later, the USDA moved for reconsideration of the order granting the Debtor's objection claim number 2-1 and opposed the Debtor's request for a nunc pro tunc amendment to the order.[1] Docket No. 32. The USDA supported its contentions with the following exhibits: (1) primary and secondary loan subsidy, (2) registry record, (3) deed of mortgage number 37, (4) deed of mortgage number 38, (5) title study and (6) history of loan payments and accrued debt. Id. The certified translation of the registry record was filed later by the USDA. Docket No. 37.

Subsequently, the court ordered the USDA to show cause as to why the amount of $53,221.78 listed in its claim number 2-1 as subsidy recapture should not be disallowed as a secured claim for failure to provide evidence in support of its secured status. Docket No. 39. The USDA answered the order and pointed out that the subsidy recapture is on page 12, paragraph 9 of mortgage deed number 37, which states that the mortgage note in the principal amount of $41,000.00 is guaranteed to an extended coverage of up to $61,515.00 for "any loss it might sustain under its insurance of payment of the note." Docket No. 47 at 3. It avers that since the mortgage deed is recorded in the property registry and the Debtor did not object to its secured status in a previous bankruptcy, the subsidy recapture amount is secured in this case. Id. at 10. To further the defense of the security of the subsidy recapture, the USDA attached several new exhibits, which among others, included a subsidy recapture agreement signed in 1988 and its translation, a title study and an exhibit letter detailing the subsidy disbursements. Docket Nos. 47 and 48.

---

[1] Prior to filing its motion for reconsideration and opposition to the request for a nunc pro tunc order, the USDA objected to the Debtor's amended plan dated September 1, 2021, mainly because it did not propose that the USDA would retain the lien until full repayment. Docket No. 30.

The Debtor responded to the USDA's contentions by stating that the subsidy recapture agreement did not create a valid lien because it is not contained in a public deed and was not filed in the property registry. Docket No. 52 at 1. The USDA once again opposed by stating that the mortgage deed expressly secures the subsidy recapture and is thus secured. Docket No. 53 at 1.

DISCUSSION

The USDA provides home mortgage loans as assistance in purchasing a home for low and moderate income, elderly, handicapped persons, or families. 42 U.S.C. § 1490a(a). As part of this program, many borrowers receive substantial amounts of payment subsidy over the course of the mortgage loan.[2] The statute requires that some or the entire subsidy be repaid to the USDA, hence the term "subsidy recapture." 42 U.S.C. § 1490a(a)(1)(D)(i). However, if the borrower continues to retain title and occupies the property, the payment of the subsidy recapture may be deferred until the borrower ceases to occupy the property or transfers title of ownership over the property. 7 C.F.R. § 3550.162 (2022).

The contested issue in the instant case is whether the subsidy recapture is secured by the Debtor's property, and if so, does the lien guaranteeing its payment, survive after the original loan is repaid in full. Under Puerto Rico law, the real property right of mortgage is of a constitutive nature and is only valid upon recordation at the property registry. Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011). This means that the mortgage deed, that secures the mortgage note, must be presented at the property registry, and recorded by the property registrar in accordance with the Property Registry Act of 2015. 30 L.P.R.A. §§ 6001-6561. The Property Registry Act requires that recordable documents be expressed in public deeds. 30 L.P.R.A. § 6016. The documents that are considered recordable by the act include titles that are considered constitutive, transferable, declarative, or extinctive of title. 30 L.P.R.A. § 6011. "Recording is essential to the validity of a mortgage, one that is not recorded is a nullity." Rosario Pérez v. El Registrador de la Propiedad de Barranquitas, 15 P.R. Off. Trans. 644, 648, 115 P.R.

---

[2] United States Department of Agriculture-Rural Development, Single Family Housing Subsidy Recapture (Direct Loans), https://www.rd.usda.gov/sites/default/files/factsheet/508_RD_FS_RHS_SubsidyRecaptureDirectLoans.pdf.

Dec. 491 (1984). If the mortgage deed is not recorded at the property registry, the creditor only has an unsecured personal obligation. Id.

As per our previous discussion, the subsidy recapture agreement and the mortgage note become secured upon the execution of a mortgage deed that is subsequently presented to the property registrar for its recordation. The mortgage deed must refer to the obligations being recorded and the monetary amount that is being guaranteed with the collateral. Puerto Rico Department of Justice, Regulation No. 8814 of August 31, 2016, Section 58.1. The Property Registry Act is clear in expressing that a property may be mortgaged to secure any type of obligation. 30 L.P.R.A. § 6085.

In the instant case, the recordation of the obligation pertaining to the mortgage note is not being challenged; but the inscription of the subsidy recapture is in question. After a review of all the exhibits submitted, we find that the twentieth paragraph of Mortgage Deed Number 37 reflects that the subsidy recapture is specifically included in the deed that encumbers the Debtor's property.[3] The paragraph reads:

> TWENTIETH: This instrument also secures the recapture of-------
> any interest credit or subsidy which may be granted to the borrower(s) by the------
> Government pursuant to forty-two----------
> U.S.C. Fourteen Ninety a (42 U.S.C. § 1490a)------

Docket Nos. 47-3 at 42 & 53 at 1.

The title study submitted by the USDA reflects that Mortgage Deed Number 37 was duly recorded in the property registry. As such, the subsidy recapture is properly secured because the clear and unequivocal language of the mortgage deed reflects the will of the parties regarding the subsidy recapture under 42 U.S.C. § 1490a. We further observe that at this time, it is undisputed that the subsidy recapture is not due and payable because transfer of title of the property has not occurred by means of sale, foreclosure, or another legal act. 7 C.F.R. § 3550.162 (2022)("[a]mounts to be recaptured are due and payable when the borrower transfers title or ceases to occupy the property"). It is also evident that the property has not been abandoned by the

---

[3] The USDA eventually pointed us toward the TWENTIETH clause two days before a scheduled hearing on May, 12, 2022 (Docket No. 53).

Debtor because she continues to occupy it. At this juncture, the property continues to secure the subsidy recapture until one of the previously mentioned events trigger its collection. Therefore, claim number 2-1 filed by the USDA is allowed as a secured claim in the amount of $23,627.86. The disputed amount included in claim 2-1 as a subsidy recapture of $53,221.78, which is not due and payable at present, remains a secured claim but the Debtor is not required to pay it now unless she decides to pay it in full through the chapter 13 plan, transfers title or ceases to occupy the property during the tenancy of the case.

The mortgage deed contains two distinct obligations. The first is the obligation to repay the original loan amount of $41,000.00 and the second is to repay any subsidy recapture amount which is calculated pursuant to 42 U.S.C. § 1490a(a)(D) & 7 C.F.R. § 3550.162(b) (2022). If the Debtor repays the original loan amount and does not satisfy the amount due regarding the subsidy recapture, the property continues to secure this amount and the lien remains on the property until it is extinguished. The subsidy recapture amount may be satisfied at different periods which are: (1) at the time of payment in full of the original loan amount; a later date when (2) the property is transferred or (3) ceases to be occupied by the Debtor. Until fully satisfied, the subsidy recapture continues to encumber the property. 7 C.F.R. § 3550.162 (2022). The subsidy recapture amount is calculated at the time that it will be paid using a formula in the agreement. Docket No. 48-1.

According to the exhibits submitted by the USDA, the Debtor may pay a discounted amount of the subsidy recapture upon paying the loan amount in full through the plan or may choose to not pay it until required to do so in the future. Docket No. 48-1. If the Debtor chooses not to pay the subsidy recapture, then the lien over the property will survive the bankruptcy. If the Debtor chooses to pay in full through the plan, including a discounted subsidy recapture amount, then the USDA will be required to provide the mortgage notes for cancellation upon completion of the chapter 13 plan.

CONCLUSION

Consequently, the motion for reconsideration filed by the USDA is granted in part and denied in part (Docket No. 32). Claim number 2-1 filed by the USDA is allowed as a secured claim in amount of $23, 627.86. The subsidy recapture amount will be paid by the Debtor as a secured claim only if she chooses to pay it through the plan or the subject property is sold or abandoned during the bankruptcy case. The disputed amount of the subsidy recapture will not be resolved until the Debtor indicates if it will be paid in full in this bankruptcy proceeding.

Therefore, the Debtor is hereby ordered to inform within 30 days whether the subsidy recapture will be paid during the life of the plan.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of June, 2022.

*Mildred Cabán*
MILDRED CABAN FLORES
United States Bankruptcy Judge